RICHARD C. HUMPHREYS, trustee, *vs.* ALFORD C. WILTON & others.

Suffolk.    June 5, 1900. — June 21, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Will — Codicil — Termination of Trust.*

A testator provided that the residue of his property should be invested " for the term of ten years after my decease, the income to be equally divided between my sons and grandchildren." A codicil provided as follows: " Whereas, by my last will and testament dated the eleventh day of April, 1888, in article 10th I gave to my sons and grandchildren the income of rest and residue of my property, after paying my debts and legacies, to be equally divided between them. I do hereby revoke the said legacy, and instead thereof I give and bequeath the income of the said rest and residue of my property as follows: One eighth of the same to my son J., the other seven eighths to my son A. and my grandchildren to be divided equally between them." A new legacy was added, and the codicil concluded as follows: " And I do hereby ratify and confirm my aforesaid will in all respects, except so far as changed or altered by this codicil." *Held*, that there was nothing in the codicil that changed the nature of the trust or the term of its continuance, and that the trust terminated at the end of the ten years after the testator's decease.

PETITION to the Probate Court for instructions as to the construction of the will of Alford B. Wilton. A decree was entered to the effect that the trust covering the residue of the estate was terminated, and the trustee was ordered to pay over the trust estate and any accumulations free from trust in equal portions to the two sons of the testator, John George S. Wilton and Augustus W. Wilton. Alford Cyrus Wilton appealed to this court. Hearing before *Hammond*, J., who found that the only heirs at law of the deceased at the time of his death were John George S. Wilton and Augustus W. Wilton; that Alford Cyrus Wilton

and George H. Wilton were sons of Augustus W. Wilton, and that both the said John George S. and Augustus W. were living. The judge reserved the case for the consideration of the full court. The material facts appear in the opinion.*

*W. H. Baker & J. Spektorsky*, for Alfred C. Wilton.

*H. P. Harriman & H. E. Perkins*, for John G. S. and Augustus W. Wilton.

KNOWLTON, J. This is a petition by a trustee under a will for instructions. . The tenth clause of the will of the testator is as follows: " All the rest and residue of my property I wish to be invested as it now is, or as my executor may think best to invest for the term of ten years after my decease, the income to be equally divided between my sons and grandchildren." The first part of the codicil is in these words : " Whereas, by my last will and testament dated the eleventh day of April, 1888, in article 10th I gave to my sons and grandchildren the income of rest and residue of my property, after paying my debts and legacies, to be equally divided between them. I do hereby revoke the said legacy, and instead thereof I give and bequeath the income of the said rest and residue of my property as follows : One eighth of the same to my son John George S. Wilton, the other seven eighths to my son Augustus W. Wilton and my grandchildren, to be divided equally between them." A new legacy is added, and the codicil concludes as follows: " And I do hereby ratify and confirm my aforesaid will in all respects, except so far as changed or altered by this codicil." The petitioner was duly appointed a trustee under the will, and has been executing the trust created by the tenth clause of the will. The term of ten years, mentioned therein, has expired, and the principal question is whether the trust is terminated or is still alive.

The appellant contends that the codicil not only revoked the legacy and gave the income referred to in different proportions to the testator's sons and grandchildren, but that it also revoked the provision directing the continuance of the trust for the term of ten years, and impliedly directed that the property should be held in trust and the income paid over until the death of the last of his grandchildren.

We do not find anything in the codicil that changes the nature

---

* For another decision upon this will, see *Wilton* v. *Humphreys, ante,* 253.

of the trust or the term of its continuance. The change is only in the proportions in which the income is to be divided among the children and grandchildren. Nothing is said in the codicil about any other investment than that called for by the tenth clause of the original will, which is the investment to be continued for the term of ten years after the decease of the testator. The property disposed of by the codicil is " the income," which means " the income " referred to earlier in the same sentence, namely, the income to be derived from the investment directed in the original will.

We are of opinion that the decree of the Probate Court declaring the trust terminated and directing that the trust estate be paid over in equal proportions to the two sons of the testator is correct.                                   *Decree affirmed.*